UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARISSA NICHOLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:11-CV-79 SNLJ ) |
| ALTERNATIVE OPPORTUNITIES, INC., | ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

On June 18, 2011, this Court ordered the plaintiff to respond to defendant's discovery requests and pay defendant's attorneys $5000 by July 2, 2012. The Court further ordered plaintiff to "promptly notify the court that she has complied with this order." The plaintiff did not file anything with this Court indicating that she had complied, and, as a result, on July 5, this Court order the plaintiff to show cause by July 17 why her case should not be dismissed for failure to prosecute and to comply with the Federal Rules of Civil Procedure.

Plaintiff responded with what amounts to a one-page apology on July 17 (#27). Plaintiff stated that she paid the sanctions (which were apparently mailed on the July 2 deadline but not received until July 6) and had "responded to the discovery requests and plans to continue to obtain some of the requested information, which will be immediately transmitted to defendant." Defendant replied on June 24 (#28).

Plaintiff failed to articulate any reason for her earlier delays and failures to comply with court Rules and Orders other than to say counsel had "had some difficulty" obtaining information and documents from the plaintiff and that the "geographical distance" between counsel and plaintiff had "compounded" the difficulty.

Defendant's original motion to compel was filed April 24. It stated that the plaintiff failed to comply with her discovery obligations in that (1) she had not completed her initial

disclosures pursuant to Rule 26, which were due on October 3, 2011; and (2) she had not responded to defendant's interrogatories, requests for production, or requests for admissions, which were due on January 16, 2012.  Plaintiff had also failed to produce documents she committed to produce at her deposition by March 16, 2012.  Defendant requested an order compelling plaintiff to supplement her initial disclosures under Rule 26(a)(1)(A), to respond to defendant's outstanding discovery requests within 21 days, to pay $7,267.50 to acount for the defendant's fees and expenses that were incurred by filing this motion, and to have defendant's requests for admission deemed admitted.  Plaintiff did not respond to the motion in any way. The Court granted defendant's motion in part, ordering that plaintiff serve discovery responses and $5,000 in sanctions by July 2, and deeming as admitted all of defendant's Requests for Admission.

  Plaintiff did not comply with that order, and did not respond at all until this Court ordered her to show cause as to why the court should not dismiss her case pursuant to Rule 41(b). "Geographical distance" between counsel and plaintiff cannot account for the plaintiff's utter failure to supplement her disclosures or respond to discovery for months, nor can explain plaintiff's failure to respond to the motion to compel or this Court's June 18 order. Further, despite plaintiff's statement that she "has now responded to the discovery requests," the defendant states of the documents produced consist only of documents already produced in this litigation. Plaintiff — despite months of time in which to do so — has not produced documents that she testified in March were in her possession.  In addition, plaintiff has not submitted her Rule 26 disclosures (as required by the June 18 order).

  The Court recognizes that "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (internal

2

quotation omitted).  Although bad faith is not a requirement, the court "must find the plaintiff acted intentionally as opposed to accidentally or involuntarily." *Id.*   The Eighth Circuit had warned that "a district court should weigh its need to advance its burden docket against the consequences of irrevocably extinguishing the litigant's claim and consider whether less severe sanction to remedy the effect of the litigants transgressions on the court and the resulting prejudice to the opposing party." *Id.* (internal quotations omitted).

Plaintiff's behavior her has been extremely troubling.  She has failed to supplement her initial disclosures, failed to respond to discovery requests, failed to produce documents she testified were in her custody or control, failed to make herself available for deposition, and failed to respond to the Court's June 18 order until the Court ordered her to show cause why her case should not be dismissed.  However, plaintiff has paid the $5,000 sanction, and she has committed to adhere to Court orders and rules going forward.  Because the plaintiff owes the defendant certain documents and things, namely, (1) supplemental Rule 26 disclosures pursuant to the Court's June 18, 2012 order, (2) documents and things she promised she would produce at her March 5, 2012 deposition, (3) other documents and things responsive to defendant's discovery requests, and (4) the completion of her deposition, the Court will offer plaintiff one final opportunity to remedy the effect of her discovery failures.  Failure to comply with this order **will result** in dismissal of this matter with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall furnish those documents and things described above to defense counsel no later than August 28, 2012.

**IT IS FURTHER ORDERED** that plaintiff shall, no later than August 28, 2012, commit to a mutually agreeable date to appear for her deposition.

3

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court of her compliance with this Order no later than August 29, 2012.

**IT IS FINALLY ORDERED** that the parties may, after August 28, 2012, seek extension of discovery and other deadlines by motion if necessary.

**Failure to abide by this order will result in dismissal with prejudice of this matter pursuant to Rule 41(b).**

Dated this   14th   day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE