UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARISSA NICHOLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:11-CV-79 SNLJ |
| | ) |
| ALTERNATIVE OPPORTUNITIES, INC., | ) |
| | ) |
|     Defendant. | ) |

### MEMORANDUM

Plaintiff has sued defendant for discrimination. However, in the course of discovery, plaintiff has ignored deadlines and court orders again and again.

On August 14, 2012, this Court offered plaintiff "one final opportunity to remedy the effect of her discovery failures." This Court ordered plaintiff to furnish the following to defense counsel no later than August 28: "(1) supplemental Rule 26 disclosures pursuant to the Court's June 18, 2012 order, (2) documents and things she promised she would produce at her March 5, 2012 deposition, (3) other documents and things responsive to defendant's discovery requests, and (4) a commitment to a date for the completion of her deposition." Plaintiff was to file a report with the Court by August 29 indicating her compliance. The Court plainly stated that "[f]ailure to comply with this order **will result** in dismissal of this matter with prejudice."

The following events have transpired since that order:

1.     On August 28 at 9:36 p.m., plaintiff's counsel sent a one-sentence email to defense counsel stating "documents responsive to your request have been mailed to you." Defendant had not received any documents.

2.     Defense counsel received the mailed documents on August 31. An enclosed note from counsel and the postmark were dated August 29, indicating that the documents were mailed a day <u>after</u> the deadline — and not on or before August 28 as represented to the Court in

plaintiff's August 29 "Response to Notice of Plaintiff's Non-Compliance" (#32) and to defendant.[1]

3. Plaintiff's counsel emailed the document production on August 29. The 294 pages of documents consisted mostly of documents already produced in the litigation, many of which had been produced <u>by defendant</u>. Missing from the production were documents and things plaintiff promised she would produce at her March 5, 2012 deposition and which this Court ordered her to produce.

4. Plaintiff has still not committed to a date for the continuation of her deposition.

Plaintiff has failed to comply with the Court's August 14 order. She did not produce the documents that she was ordered to produced, and the documents she did produced were sent after the Court's deadline. It also appears that she may have misrepresented to the Court her compliance with the Court's order. Finally, she has not committed to a date for her deposition, even though defendant has been asking her to do so for months, and even though this Court ordered her to do so by August 28 on August 14.

The Court again recognizes that "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (internal quotation omitted). Although bad faith is not a requirement, the court "must find the plaintiff acted intentionally as opposed to accidentally or involuntarily." *Id.* The Eighth Circuit had warned that "a district court should weigh its need to advance its burdened docket against the

---

[1] Plaintiff wrote in her August 29 "Response to Notice of Plaintiff's Non-Compliance" (#32) that "Defendant is correct that the undersigned sen[t] an e-mail message [on August 28], indicating that he had mailed the documents in response to Defendant's requests. The undersigned sent the message, as against the possibility that Defendant's counsel had not yet received the documents by mail. It is now apparent that Defendant's counsel did not receive them as yet."

consequences of irrevocably extinguishing the litigant's claim and consider whether less severe sanction to remedy the effect of the litigants transgressions on the court and the resulting prejudice to the opposing party." *Id.* (internal quotations omitted).

Plaintiff's behavior continues to be extremely troubling. When given one final chance to comply with the Court's order and remedy her discovery failures, she missed the deadline and again did not produce the documents she committed to producing in March. Plaintiff has never contested that she possesses additional, unproduced documents requested by defendant and enumerated by defendant in its many memoranda. The August 29 postmark on plaintiff's production indicates that she did not even send her "production" until a day after it was due, despite indicating to this Court that she mailed the documents in advance of the August 28 due date. A week has passed since defendant filed its last memorandum outlining plaintiff's latest transgressions, and plaintiff has not responded.

This Court finds that, despite offering plaintiff several opportunities to comply with deadlines and Court orders, plaintiff has been both willfully disobedient and that she has exhibited a pattern of intentional delay. Plaintiff's complaint will be dismissed with prejudiced under Federal Rule of Civil Procedure 41(b).

Dated this   7th   day of September, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE